UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HARRY BURDICK, )<br>　　　　　　Plaintiff, )<br>vs. )<br>STATE OF NEVADA, *et al.*, )<br>　　　　　　Defendants. ) | Case No. 2:12-cv-01296-APG-CWH<br><br>**FINDINGS AND RECOMMENDATION** |

　　　This matter is before the Court on Plaintiff's Motion for Leave to File Default Judgment (#54), filed on April 1, 2014. The Court also considered Defendants' Response (#60), filed on April 14, 2014, and Plaintiff's Reply (#63), filed on April 22, 2014.

**BACKGROUND**

　　　This is a civil suit filed on July 20, 2012 in which Plaintiff alleges that Defendants were deliberately indifferent to his medical needs. *See* Second Amended Complaint #24. On November 15, 2013, Defendants first appeared by filing a Response (#36) to Plaintiff's Motion for Appointment of Counsel (#35). In addition, this action was stayed for 90 days. *See* Order #31. On January 22, 2014, Defendants filed a Status Report (#44) regarding the results of the 90 day stay and indicated that no settlement was reached. On January 23, 2014, the Court entered a screening order that directed the Office of the Attorney General to notify the Court if it could accept service within 21 days and answer or otherwise respond within 60 days. *See* Order #45. On February 11, 2014, Defendants filed such Notice (#46). Additionally, Defendants filed a Motion to Dismiss (#52) on March 24, 2014. This matter was referred to the undersigned on Plaintiff's Motion for Leave to File Default Judgment (#54) filed on April 1, 2014. In response, Defendants contend that default judgment is not warranted due to the 90 day stay and Order (#45) that set a responsive pleading deadline of March 24, 2014.

**DISCUSSION**

**I.      Motion for Leave to File Default Judgment (#54)**

As a preliminary matter, the Court notes that Plaintiff is proceeding *pro se*. "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

**A.      Legal Standard**

Obtaining a default judgment is a two-step process governed by the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir.1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b). The choice of whether to enter a default judgment lies within the discretion of the court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir.1980). The Ninth Circuit has identified several relevant factors in determining whether to grant default judgment including: (1) the possibility of prejudice to plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Eitel*, 782 F.2d at 1471–72.

Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint. *Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir. 1986); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation - other than one relating to the amount of damages - is admitted if a responsive pleading is required and the allegation is not denied."). However, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (cited in *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. Cal. 2007)). Rather, in determining whether to enter judgment on the default, the court must determine whether the well-pleaded allegations in the complaint support the relief sought. *See* 10A Wright, Miller & Kane, Federal

Practice and Procedure § 2688 (3d ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default ... and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

"If the court determines that the allegations in the complaint are sufficient to establish liability, it must then determine the 'amount and character' of the relief that should be awarded." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (quoting 10A Charles Alan Wright, Arthur R. Miller, & May Kay Kane, Federal Practice & Procedure § 2688, at 63 (3d ed. 1998)). The court must make an independent determination regarding damages, and cannot accept as true factual allegations of damages. *Pope v. U.S.*, 323 U.S. 1, 12 (1944). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so, but may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. Fed. R. Civ. P. 55(b).

### B.    Rule 55(a) Entry of Default Analysis

Generally, to avoid default, a defendant must serve an answer within twenty (20) days of being served with the summons and complaint. *See* Fed. R. Civ. P. 12(a). Plaintiff's Amended Complaint (#24) was screened on October 24, 2013. *See* Order #31. At that time, the action was stayed until January 22, 2014 for the purposes of settlement. On January 23, 2014, the Court ordered Defendants to provide notification regarding acceptance of service and provide a responsive pleading by March 24, 2014. *See* Order #45. Defendant complied by filing Motion to Dismiss (#52) on March 24, 2014. Accordingly, this action is not appropriate for entry of default given that Defendants have not failed to plead or otherwise defend under Rule 55(a).

### C.    Rule 55(b) Entry of Default Judgment Analysis

As stated above, this is not a case where Defendants have made no appearance. Although Plaintiff highlights the Proposed Summons (#8) filing made on October 9, 2012, this action was not fully screened until January 23, 2014. At that time, the Court granted Defendants 60 days to answer or otherwise respond. They did so by timely filing Motion to Dismiss (#52). As entry of default is a necessary step before Plaintiff can file a motion for default judgment, his request for leave to file for default judgment is premature. Therefore, the Court will recommend that

1  Plaintiff's request for a default judgment be denied.

2  Based on the foregoing and good cause appearing therefore,

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Leave to File Default Judgment (#54) be **denied**.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 6th day of May, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**