# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HARRY BURDICK,                         )
                                       )
            Plaintiff,                 )      Case No. 2:12-cv-01296-APG-CWH
                                       )
vs.                                    )      **ORDER**
                                       )
STATE OF NEVADA, *et al.*,             )
                                       )
            Defendants.                )
_____)

      This matter is before the Court on Plaintiff's Motion to Calendar (#72), Proposed Pretrial Order (#73), Motion to Extend Prison Copywork Limit (#74), all filed on July 23, 2014. This is also before the Court on Plaintiff's Motion for Docket Sheet (#75), filed on July 30, 2014.

      This is a civil suit filed on July 20, 2012 in which Plaintiff alleges that Defendants were deliberately indifferent to his medical needs. *See* Second Amended Complaint #24. On November 15, 2013, Defendants first appeared by filing a Response (#36) to Plaintiff's Motion for Appointment of Counsel (#35). In addition, this action was stayed for 90 days. *See* Order #31. On January 22, 2014, Defendants filed a Status Report (#44) regarding the results of the 90 day stay and indicated that no settlement was reached. On January 23, 2014, the Court entered a screening order that directed the Office of the Attorney General to notify the Court if it could accept service within 21 days and answer or otherwise respond within 60 days. *See* Order #45. On February 11, 2014, Defendants filed such Notice (#46). Additionally, Defendants filed a Motion to Dismiss (#52) on March 24, 2014. Plaintiff filed a Motion for Leave to File Default Judgement on April 1, 2014, which the Undersigned addressed in a Report and Recommendation (#64) issued on May 6, 2014. Plaintiff filed a Motion to Amend/Correct Second Amended Complaint (#67) on May 23, 2014.

      On July 23, 2014, Plaintiff filed three motions requesting several forms of relief. First,

1  Plaintiff requests that a discovery plan and scheduling order be entered and a trial date be set.
2  Given the pending Motion to Dismiss (#52), the Court finds that it is not appropriate to set a trial
3  date at this time.  However, the Court will enter the standard discovery plan and scheduling order
4  deadlines as provided by Local Rule 26-1 as this is an action qualifies for a scheduling order under
5  Local Rule 16-1.  Further, the Court finds that Plaintiff's Proposed Pretrial Order was filed
6  prematurely and will order that it be stricken.

7       Plaintiff also requests that his prison copywork limit be increased.  A prisoner does not have
8  a right to free photocopying.  *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991); *Sands v. Lewis*,
9  886 F.2d 1166, 1169 (9th Cir.1989) (stating "numerous courts have rejected any constitutional right
10 to free and unlimited photocopying").  Nevada Department of Corrections Administrative
11 Regulation 722 ("Inmate Legal Access") provides that "[c]opies of legal documents requested by
12 inmates may be made for a nominal fee."  Nevada Department of Corrections Administrative
13 Regulation (NDOC AR) 722.01(9).  "Inmates can only accrue a maximum of $100 debt for copy
14 work expenses for all cases, not per case."  *See* NDOC AR 722.01(9)(D).  Plaintiff acknowledges
15 that he has exceeded his prison copy limit and requests that the Court order the NDOC to increase
16 his copy work limit.

17     A court may order a prison to provide additional photocopying when the petitioner
18 demonstrates that an increase is necessary for an inmate to provide copies to the court and other
19 parties.  *See Cf.*, *Allen v. Clark County Detention Center*, 2011 WL 886343 *2 (D. Nev.).  Plaintiff
20 has failed to demonstrate in the present motion that an increase is necessary.  There is no indication
21 that petitioner's prisoner account has insufficient funds for petitioner to replenish his copy work
22 limit.  In addition, Nevada prisons provide inmates with carbon paper to enable inmates to
23 reproduce writings without the use of photocopies.  *See* NDOC AR 702.01(9)(E) ("Carbon paper
24 should be made available to any inmate who requests this item for legal purposes").  Further,
25 Plaintiff has not specified what is necessary to be copied.  Accordingly, the Court will deny the
26 motion to extend prison copywork limit.

27     Finally, Plaintiff requests a copy of the docket sheet.  The Clerk of the Court is hereby
28 ordered to send a copy of the docket sheet to Plaintiff at the address listed on the docket.

1    Based on the foregoing and good cause appearing therefore,

2    **IT IS HEREBY ORDERED** that Plaintiff's Motion to Calendar (#72) **is granted in part**
3    **and denied in part**. Plaintiff's request for a trial date is denied without prejudice as premature.
4    However, Plaintiff's request for a discovery plan and scheduling order is granted. The following
5    dates shall govern discovery:

| | | |
|---|---|---|
| 1. | Discovery cutoff | **February 2, 2015** |
| 2. | Motions to amend pleadings and add parties | **November 4, 2014** |
| 3. | Expert designations | **December 4, 2014** |
| 4. | Rebuttal expert designations | **January 5, 2015** |
| 5. | Interim status report | **December 4, 2014** |
| 6. | Dispositive motions | **March 4, 2015** |

12    **IT IS FURTHER ORDERED** that any extension of the discovery deadline will not be
13    allowed without a showing of **good cause** as to why all discovery was not completed within the
14    time allotted. All motions or stipulations to extend discovery shall be received by the Court at
15    least **twenty-one (21) days** prior to the date fixed for completion of discovery, at least **twenty-**
16    **one (21) days** prior to the expiration of any extension thereof that may have been approved by
17    the Court, or at least **twenty-one (21) days** prior to the expiration of the subject deadline. Any
18    extension or modification of a discovery deadline or subject deadline not filed at least twenty-one
19    (21) days prior to the date fixed for completion of discovery or the expiration of the subject
20    deadline must be supported by a showing that the failure to act was the result of **excusable**
21    **neglect**. The motion or stipulation shall include:

22        a.   A statement specifying the discovery completed by the parties as of the
23            date of the motion or stipulation;
24        b.   A specific description of the discovery which remains to be completed;
25        c.   The reasons why such remaining discovery was not completed within the
26            time limit of the existing discovery deadline; and,
27        d.   A proposed schedule for the completion of all remaining discovery.

28    It is not good cause for a later request to extend discovery that the parties informally

1  postponed discovery. No stipulations are effective until approved by the Court, and "[a]ny
2  stipulation that would interfere with any time set for completion of discovery, for hearing of a
3  motion, or for trial, may be made only with approval of the Court." *See* LR 7-1(b).

4      **IT IS FURTHER ORDERED** that if no dispositive motions have been filed within the
5  time frame specified in this Order, then the parties shall file a written, joint proposed Pretrial
6  Order by **April 3, 2015.** If dispositive motions are filed, then the parties shall file a written,
7  joint proposed Pretrial Order within 30 days of the date the Court enters a ruling on said
8  dispositive motions.

9      **IT IS FURTHER ORDERED** that Plaintiff's Proposed Pretrial Order (#73) **shall be**
10 **stricken**.

11     **IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Prison Copywork Limit
12 (#74) is **denied without prejudice**.

13     **IT IS FURTHER ORDERED** that Plaintiff's Motion for Docket Sheet (#75) is **granted**.
14 The Clerk of the Court shall send Plaintiff a copy of the docket sheet to the address listed on the
15 docket.

16     DATED this 5th day of August, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**