UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HARRY BURDICK,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, *et al.*,<br><br>　　　　　Defendants. | No. 2:12-cv-01296-RFB-CWH<br><br>**ORDER**<br><br>Plaintiff's Motion for Order to Show Cause (ECF No. 76)<br><br>Plaintiff's Motion for Leave to File Excess Pages (ECF No. 98)<br><br>Plaintiff's Second Motion to Alter or Amend Complaint (ECF No. 101) |

**I.     INTRODUCTION**

This case is before the Court on Plaintiff Harry Burdick's Order for Motion to Show Cause, filed on July 30, 2014, and Burdick's Motion for Leave to File Excess Pages and Second Motion to Alter or Amend the Complaint, filed on September 18, 2014. ECF Nos. 76, 98, 101. In his Motion for Order to Show Cause, Burdick requests that the Court issue an Order requiring Defendants, who are officials and members of the medical and pharmacy staff at High Desert State Prison (HDSP), to show cause why a preliminary injunction should not issue against them. After a hearing and oral argument on September 4, 2014, the Court deferred its ruling on Burdick's motion pending its receipt and consideration of further information from Defendants. For the reasons stated below, Burdick's Motion for Order to Show Cause is denied without prejudice to being renewed at a future date. Burdick's Motion for Leave to File and Motion to Amend are granted in part.

/ / /

## II.     BACKGROUND

Burdick filed an application to proceed *in forma pauperis* in this Court on July 20, 2012. ECF No. 1. Burdick's Complaint was screened on October 23, 2012. ECF No. 11. In its Screening Order, the Court dismissed the Complaint for failure to state a claim upon which relief can be granted, gave Burdick thirty days to amend his Complaint, and denied Burdick's motions requesting a temporary restraining order and preliminary injunction because Burdick had not demonstrated a likelihood of success at the merits. Id. Burdick filed an Amended Complaint on November 2, 2012, which was screened on April 5, 2013. ECF Nos. 14, 22. In its second Screening Order, the Court identified further deficiencies in the Amended Complaint and directed Burdick to file a Second Amended Complaint, which Burdick did on April 19, 2013. ECF Nos. 22, 24. In its third Screening Order entered on October 24, 2013, the Court dismissed one of Burdick's claims and some of the named defendants from the action, but allowed the Second Amended Complaint to proceed against Defendants Doni Jennings, Linda Adams, Cindy Majeshwar, Noreen Benaknin, Patricia Diliddo, and Harold Wickham. ECF No. 31. Burdick's Second Amended Complaint is brought under 42 U.S.C. § 1983 and alleges that Defendants were deliberately indifferent to his medical needs in violation of his Eighth Amendment rights.

On July 30, 2014, Burdick filed the motion currently before the Court. Burdick moves the Court for an Order to Show Cause why a temporary restraining order or preliminary injunction should not issue against Defendants. ECF No. 76. In his motion, Burdick requests an order directing Defendants to: (1) refrain from conducting diabetes tests on him and begin to monitor his alleged problems with his liver and with poor circulation on his left side; (2) attempt to begin repairing or rehabilitating his liver and discover why he experiences bruising after receiving shots; (3) end their practice of delivering medications late to inmates; (4) refrain from conducting further tests or lab work on Burdick until Defendants begin delivering his medications on time; (5) order an MRI to assess what damage Burdick has suffered as a result of not receiving his medications on time; and (6) send Burdick to a specialist to examine his liver.

The Court held a hearing on September 4, 2014 at which it heard oral argument on Burdick's motion. Minutes of Proceedings, ECF No. 93. The Court deferred ruling on the

1  Motion for Order to Show Cause pending the receipt and consideration of further information.
2  Id. The Court also ordered Defendants to have a physician employed by or contracted with the
3  Nevada Department of Corrections conduct a physical exam of Burdick and completely review
4  his medical files. Order, Sept. 5, 2014, ECF No. 92. The Court's Order also directed Defendants
5  to submit a report detailing the dates on which Burdick was to receive refills for his medications
6  and the dates on which he actually received them. Id.

### III.  LEGAL STANDARD

A preliminary injunction is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. 7, 20 (2008)). The Ninth Circuit has also affirmed that a preliminary injunction may issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." Id. at 1134-35 (citation omitted).

### IV.  DISCUSSION

#### A. Motion for Order to Show Cause

The Court finds that Burdick's motion must be denied at this time because he is no longer in the custody of HDSP. The hearing and oral argument regarding the Motion for Order to Show Cause was held on September 4, 2014. Subsequently, Burdick filed a motion with the Court in which he stated that he was released from HDSP in November 2014. Mot. Calendar Hrg. at 2, Dec. 8, 2014, ECF No. 124. Regardless of whether Defendants' submissions would have

1  demonstrated that he was entitled to a preliminary injunction, Burdick is no longer in the custody
2  or control of officials at HDSP. Based on the information available to the Court, Defendants no
3  longer have the ability or responsibility to monitor Burdick's health or order any tests or
4  procedures that he may think are necessary. Therefore, Burdick cannot establish at this time that
5  "irreparable harm is likely to result in the absence of the injunction." <u>Alliance for the Wild</u>
6  <u>Rockies</u>, 632 F.3d at 1135.

7  However, the Court emphasizes that it makes this ruling based upon the understanding
8  that Burdick is no longer incarcerated at HDSP. Should Burdick be returned to HDSP in the
9  future and experience similar issues regarding the alleged untimeliness of his medications or
10 alleged failure to monitor his liver condition, Burdick will be permitted to file another Motion for
11 Temporary Restraining Order or Preliminary Injunction in order to prevent alleged damage to his
12 health.

### B.  Motions Related to Amending the Complaint

14 At the September 4, 2014 hearing, the Court denied Burdick's Motion to Amend his
15 Second Amended Complaint without prejudice under Local Rule 15-1, which states that a party
16 seeking to amend its complaint must attach the proposed amended pleading to its motion.
17 Minutes of Proceedings, ECF No. 93. The Court informed Burdick that he would have until
18 November 14, 2014 to file a motion to amend his Complaint in compliance with the Local Rules.
19 Burdick then filed a Third Amended Complaint on September 18, 2014. ECF No. 97. Burdick
20 also filed a Motion for Leave to File Excess Pages and to add a Doe defendant with respect to his
21 Third Amended Complaint, as well as a Motion to Alter or Amend his Complaint (which was
22 filed separately from his Third Amended Complaint). ECF Nos. 98, 101. In response, Defendants
23 stated that they did not oppose Burdick's Motion to Amend his Complaint, as long as it is clear
24 that the Third Amended Complaint stands alone and does not include the facts alleged in the
25 body of the Motion to Amend itself. Resp. Mot. Amend, Oct. 6, 2014, ECF No. 108.

26 The Court grants Burdick's Motion for Leave to File a Third Amended Complaint that
27 adds a defendant and that is overlong, to the extent that leave to file an overlong Complaint is
28 necessary. The Court also grants Burdick's Motion to Amend the Complaint and, as was

explained to Burdick at the September 4, 2014 hearing, considers his Third Amended Complaint as a standalone document that does not include any other allegations or claims other than what is contained in the Third Amended Complaint itself. The Third Amended Complaint is deemed filed as of the date of this Order.

Finally, Burdick's Motion to Amend also contains several requests for orders from the Court. The Court declines to grant these requests. First, Burdick requests that NaphCare, Inc. go through his medical files with him. However, this request appears to be moot as Burdick is no longer incarcerated. If Burdick wishes to obtain copies of his medical files, he should request such files from NaphCare. If he is unable to obtain them by request, he may file another motion making that request. Second, Burdick requests that the HDSP medical staff stop giving him shots "until the doctors figure out what is wrong." Mot. Amend at 4, ECF No. 101. This request is also moot now that Burdick is no longer incarcerated at HDSP. Third, Burdick requests an order that the Clerk of Court send a copy of the Court's Order to the Attorney General. As the Attorney General's office is representing Defendants in this case and receives copies of all filings in this case, this request is unnecessary. Finally, Burdick requests that the Clerk "update the file of court records." Id. at 5. It is unclear what Burdick is seeking from the Court in this request, as he has not identified those files that allegedly require updating. This request is therefore denied, but Burdick may resubmit his request with more specific facts.

## V.     CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiff Harry Burdick's Motion for Order to Show Cause (ECF No. 76) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Alter or Amend Complaint (ECF No. 101) is GRANTED IN PART. Leave to Amend is granted and Plaintiff's Third Amended Complaint (ECF No. 97) is deemed filed as of the date of this Order. Plaintiff's requests for a review of his medical files, that he not be given any more shots, that the Clerk send a copy of this Order to the Attorney General, and for the Clerk to update the Court's records are

1 | DENIED.

2 | **IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Excess Pages
3 | (ECF No. 98) is GRANTED.

5 | DATED this 31st day of March, 2015.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**